**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

GREGORY BLACKWELL,

      Petitioner,

v.                                                                          CIVIL ACTION NO. 5:25-cv-00086

FCI BECKLEY WARDEN, DOJ,

      Respondent.

**<u>ORDER</u>**

Pending are (1) Petitioner Gregory Blackwell's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed February 12, 2025, and (2) Respondent Warden W. Holzapfel's Motion to Dismiss [Doc. 9], filed April 17, 2025. This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Reeder filed his PF&R on September 2, 2025. Magistrate Judge Reeder recommended that the Court grant Warden Holzapfel's Motion to Dismiss, dismiss Mr. Blackwell's § 2241 Petition, and remove this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-*

*Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 19, 2025. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 11**], **GRANTS** Warden Holzapfel's Motion to Dismiss [**Doc. 9**], **DISMISSES** Mr. Blackwell's § 2241 Petition [**Doc. 1**], and **REMOVES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 2, 2025



Frank W. Volk
Chief United States District Judge

---

[1] On September 2, 2025, a copy of the PF&R was mailed to Mr. Blackwell at FCI Beckley but was returned as undeliverable on September 12, 2025. [Doc. 12]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Blackwell is no longer in BOP custody as of April 4, 2025. Inasmuch as Mr. Blackwell has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ripe for adjudication.